IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
GRAYLIN GRAY,                      )
                                   )
            Plaintiff,             )    4:13CV3156
                                   )
     v.                            )
                                   )
NEBRASKA DEPARTMENT OF             )    MEMORANDUM AND ORDER
CORRECTIONAL SERVICES,             )
ROBERT P. HOUSTON, Director of     )
NDCS, FRANK X. HOPKINS,            )
Deputy Director of                 )
Institutions, BRAIN GAGE,          )
Warden of TSCI, RULE, CM, Case     )
Manager of TSCI, BARKER, CW,       )
Case Worker of TSCI, JASON         )
TAYLOR, CM, Case Manager of        )
TSCI, JOHN LEDUC, CM, Case         )
Manager of TSCI, RADAR, Ofc.,      )
Correctional Officer of TSCI,     )
KRAUSS, Ofc., Correctional         )
Officer of TSCI, and SCHULTS,      )
CM, Case Manager of TSCI,          )
                                   )
            Defendants.            )
_____)
```

This matter is before the Court on plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP") (Filing No. 2). Plaintiff is a prisoner incarcerated at the Tecumseh State Prison in Tecumseh, Nebraska. He is an experienced pro se litigant with an extensive history of abusive filings in this Court. As set forth in the Prison Litigation Reform Act, a prisoner cannot:

> [B]ring a civil action . . . or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Plaintiff has been barred from proceeding IFP by 28 U.S.C. § 1915(g) because he has three or more strikes. *See Gray v. City of Lincoln*, *et. al.*, No. 4:07CV3220 (D. Neb. Sept. 21, 2007) (dismissing complaint because the Court determined the following six cases had been dismissed as frivolous: *Gray v. Condon*, No. 4:95CV3177 (D. Neb. June 21, 1995); *Gray v. Grammar*, No. 4:95CV3446 (D. Neb. Apr. 18, 1996); *Gray v. Smith*, No. 4:95CV3405 (D. Neb. Mar. 15, 1996); *Gray v. Grammer*, No. 4:95CV3404 (D. Neb. Feb. 14, 1996); *Gray v. Smith*, No. 4:95CV3339 (D. Neb. Nov. 30, 1995); *Gray v. Webber*, No. 4:95CV3326 (D. Neb. Jan. 4, 1995)).[1]

Accordingly, plaintiff has 30 days from the date of this Memorandum and Order to show cause why this case should not be dismissed pursuant to the provisions of 28 U.S.C. 1915(g), or pay the full $350.00 filing fee. In the absence of good cause shown, or the payment of the full filing fee, this action will be dismissed.

---

[1] Although these complaints were filed and dismissed prior to the enactment of the Prison Litigation Reform Act, the Eighth Circuit Court of Appeals accounts for pre-PLRA dismissals in determining a plaintiff's total number of strikes. *See*, *e.g.*, *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997).

IT IS ORDERED:

1. Plaintiff's Motion for Leave to Proceed IFP (Filing No. 2) is denied.

2. Plaintiff has 30 days from the date of this Memorandum and Order to either show cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(g) or pay the full $350.00 filing fee.

3. The clerk's office is directed to set a pro se case management deadline in this matter with the following text: October 7, 2013: deadline for plaintiff to show cause or pay full filing fee.

DATED this 6th day of September, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.